MEMORANDUM **
Earlene Short-Dille appeals pro se the district court’s decision affirming the deni *389 al of her application for supplemental security income payments. Because substantial evidence supports the determination that Short-Dille is not disabled for purposes of obtaining such benefits, we affirm.
DISCUSSION
Short-Dille is disabled only if she is unable “to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... for a continuous period of not less than 12 months.” See Bray v. Commissioner of Soc. Sec. Admin., 554 F.3d 1219, 1222 n. 3 (9th Cir.2009) (quoting 42 U.S.C. § 1382c(a)(3)(A)). An Administrative Law Judge (ALJ) applied the requisite five-step sequential review process to determine whether she met that standard. See id. (citing 20 C.F.R. § 416.920). The ALJ concluded at step one that Short-Dille’s attempts at part-time work did not amount to substantial gainful activity so as to disqualify her for benefits on that ground. At step two, the ALJ found that Short-Dille’s impairments are severe, but for purposes of step three, her impairments do not automatically direct a finding of disability. At step four, after reviewing the medical and testimonial evidence, the ALJ determined that Short-Dille has the residual functional capacity for a reduced range of sedentary exertional level work and therefore could not return to her past relevant work. Finally, at step five, after consulting a vocational expert, the ALJ ruled that given Short-Dille’s age, education, and exertional capacity for light unskilled work, she could perform identifiable jobs that exist in significant numbers in the economy.
Short-Dille first argues the ALJ erred by not fully crediting her testimony that her pain precludes her from working. We disagree. The ALJ explained that Short-Dille’s activities, including her part-time work “are more consistent with those of an individual able to sustain light or sedentary work than they are of a totally disabled person.” Moreover, the ALJ noted the various CAT scans and MRIs taken over the years showed “only mild/minimal disc bulging with no cord impingement, with no significant spinal stenosis, [and] with no focal herniation.” Finally, the ALJ reasoned that Short-Dille’s “regularly treating physicians ultimately concluded she was capable of work.” These are “clear and convincing” reasons sufficient to support the ALJ’s decision not to credit Short-Dille’s subjective claim of total disability. See Carmickle v. Commissioner, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir.2008) (noting standard).
Short-Dille next contends the ALJ erred by not crediting the opinions of several of her doctors regarding her ability to work. The ALJ rejected Dr. Pylman’s statement because it was based on Short-Dille’s subjective complaints rather than objective medical criteria and because it was inconsistent with her testimony. The ALJ rejected Dr. Manuelle’s opinion because he “unquestioningly accepted” Short-Dille’s claim of disability that was not supported by the medical evidence. Finally, the ALJ gave less weight to the opinion offered by Dr. Northrup, a chiropractor internist, because it conflicted with Short-Dille’s treating chiropractor, Dr. Hodges, who saw her more frequently over a longer period of time. Again, these are “clear and convincing” reasons that are amply supported by substantial evidence in the record. See Ryan v. Commissioner of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.2008) (noting standard).
Short-Dille also argues the ALJ improperly rejected the lay testimony of two of her friends. An ALJ “must consider competent lay testimony but in reject *390 ing such evidence, he need only provide reasons for doing so that are germane to [the] witness.” Carmickle, 533 F.3d at 1164 (internal quotation marks omitted). The AJLJ did so here by recounting the substance of the testimony but concluding it was not consistent with the medical evidence. See id. (concluding ALJ did not err by rejecting lay testimony inconsistent with other evidence).
Finally, Short-Dille argues the jobs identified by the vocational expert are not available where she lives in rural Oregon. That argument — “that the number of jobs must be considered in the context of the geographical area at issue”- — -has been rejected by this court. See Barker v. Secretary of Health and Human Servs., 882 F.2d 1474, 1479 (9th Cir.1989).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.